UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 440 West 164th Street Housing Development Fund Corporation, | Case No. 15-10817 |
| Debtor. | |

------------------------------------------------------------------------------x

## NOTICE OF SETTLEMENT

PLEASE TAKE NOTICE, that pursuant to the annexed application, on April 28, 2015, the above-captioned Debtor will present the attached order to the Honorable Robert D Drain, authorizing the Debtor to retain Backenroth Frankel & Krinsky, LLP, to represent the Debtor as attorneys under section 327(a) of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE, that objections, if any, must be in writing, served upon the undersigned proposed Debtor's counsel, and filed with the Clerk of the Bankruptcy Court, with a courtesy copy to the Honorable Robert D Drain's chambers, at the United States Bankruptcy Court 300 Quarropas Street, White Plains, NY 10601, so as to be received on or before April 27, 2015.

Dated: New York, New York
April 1, 2015

BACKENROTH FRANKEL & KRINSKY, LLP

By:    s/ Mark Frankel
800 Third Avenue
New York, New York 10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

In re                                                                                         Chapter 11

440 West 164th Street Housing Development Fund Corporation          Case no. 15-10817

                                    Debtor.
-------------------------------------------------------------------------x

## APPLICATION TO RETAIN DEBTOR'S COUNSEL

440 West 164th Street Housing Development Fund Corporation, the debtor and debtor-in-possession herein (the "Debtor"), as and for its application to retain Backenroth Frankel & Krinsky, LLP as counsel to the Debtor as of the filing of the above-captioned case pursuant to section 327(a) of the Bankruptcy Code, respectfully represents as follows:

1. On March 31, 2015 ("Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor has continued its business as a debtor-in-possession. No trustee or creditors committee has been appointed.

2. The Debtor seeks to employ Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 800 Third Avenue, New York, New York 10022, as its counsel.

3. The Debtor has selected BFK because the members of BFK have considerable expertise in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, and commercial litigation, among others. In addition, for its engagement by the Debtor, BFK has become familiar with the Debtor's affairs. The Debtor believes that BFK is well qualified to represent the Debtor in these proceedings.

4. The professional services BFK will be required to render include, but are not limited to: providing the Debtor with legal counsel regarding its powers and duties as a debtor-in possession in the continued operation of its business and management of its property during the Chapter 11 case; preparing on behalf of the Debtor all necessary applications, answers, orders, reports, and other legal documents which may be required with the Chapter 11 case; providing the Debtor with legal services regarding formulating and negotiating a plan of reorganization with creditors; and performing such other legal services for the Debtor as required during the Chapter 11 case, including but not limited to, the institution of actions against third parties, objections to claims, and the defense of actions which may be brought by third parties against the Debtor.

5. The Debtor paid BFK a $15,000 as and for its initial retainer before the petition date. A portion of that amount was incurred pre-petition to prepare the Chapter 11 filing and the remainder will be available for services during this case.

6. To the best of the Debtor's knowledge, BFK and its respective attorneys have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective attorneys or accountants.

7. The Debtor believes that the retention of BFK in the best interest of the Debtor's estate.

8. No receiver, trustee or examiner has been appointed nor have any official committees been appointed.

9. No prior application has been made for the relief requested herein.

WHEREFORE, the Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       March 31, 2015

By:   s/Mark Schwartz, as officer

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
In re                                                                                                          Chapter 11

440 West 164th Street Housing Development Fund Corporation          Case no.  15-10817

                                          Debtor.                                                    **AFFIDAVIT**
-------------------------------------------------------------------------------x
 STATE OF NEW YORK    )
                                              )ss.:
COUNTY OF NEW YORK  )

Mark A. Frankel, being duly sworn, deposes and says:

1. I am a member of the firm of Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 800 Third Avenue, New York, New York 10022.  I am fully familiar with the facts stated, and make this affidavit to support the application to retain BFK as counsel to the above-captioned debtor (the "Debtor").

2. I am duly admitted to practice before this Court, and will assume primary responsibility for this matter.

3. Insofar as I have been able to ascertain, the members and associates of BFK and are disinterested parties within the meaning of § 101(14) of the Bankruptcy Code and have no interest adverse to the Debtor's estate, its respective creditors, the Office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants, except as disclosed in the application to retain BFK.

4. BFK's hourly rates are: paralegal time: $125, Scott A. Krinsky: $485, Mark A. Frankel: $505, Abraham J. Backenroth: $550.  If BFK determines to raise its hourly rates, then BFK will notify the Court and the United States Trustee of such raise in writing.  BFK also demands reimbursement for out of pocket expenses such as out of pocket travel expenses in

the amount incurred, filing fees in the amount incurred, and Westlaw computerized legal research in the amount incurred. BFK was paid a $15,000 retainer by the Debtor before the Petition Date. BFK agrees to apply any interim and final fee awards against the retainer as such awards are made, before seeking additional funds from the Debtor to cover such awards.

5. No agreement or understanding exists between BFK and any person for a division of compensation or reimbursement received or to be received or in connection with the within cases.

6. I have read and am fully familiar with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and I am sufficiently competent to handle whatever might be reasonably expected of the Debtor's counsel.

 s/Mark Frankel

Sworn to before me this
30th day of March, 2015


s/Scott Krinsky
Notary Public

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x
In re                                                                                                      Chapter 11

440 West 164th Street Housing Development Fund Corporation,          Case No.  15-10817

Debtor.
-------------------------------------------------------------------------------x

## ORDER AUTHORIZING RETENTION OF DEBTOR'S COUNSEL

Upon the application of the above-captioned debtor ("Debtor"), requesting authorization to retain Backenroth Frankel & Krinsky, LLP, to represent the Debtor, and upon the Affidavit of Disinterest by Mark Frankel, Esq., and it appearing that Backenroth Frankel & Krinsky, LLP represents no interest adverse to the Debtor or its creditors, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Debtor be, and it hereby is, authorized under section 327(a) of the Bankruptcy Code to employ Backenroth Frankel & Krinsky, LLP, as its counsel as of the filing this Chapter 11 case; and it is further

ORDERED, that Backenroth Frankel & Krinsky LLP shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses under sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and the United States Trustee Fee Guidelines; and it is further

ORDERED, that prior to any increases in Backenroth Frankel & Krinsky LLP's rates, Backenroth Frankel & Krinsky LLP shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases under Section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under Section 330 of the Bankruptcy Code; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated:   White Plains, New York
             , 2015

_____
UNITED STATES BANKRUPTCY JUDGE